UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Ricardo Rivera,                                   Case No. 2:17-cv-356-FtM-PAM-MRM

             Petitioner,

v.                                                      **MEMORANDUM AND ORDER**

Florida Attorney General,
and Secretary, Department
of Corrections,

             Respondents.

_____

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

**BACKGROUND**

On October 12, 2006, a jury in Lee County, Florida, convicted Petitioner Ricardo Rivera of attempted trafficking in heroin and conspiracy to traffic heroin. Rivera separately entered a no contest plea for trafficking four or more grams of heroin. On the three counts, the trial court sentenced Rivera to six years' imprisonment, 10 years' imprisonment, and a mandatory minimum of 25 years' imprisonment, all to run consecutively. Rivera appealed his conviction, and the Florida Second District Court of Appeal affirmed his sentence and conviction but remanded for small corrections in the written sentence. Rivera v. State, 34 So. 3d 207 (Fla. Dist. Ct. App. 2010). Mandate issued on June 15, 2010, and his sentence became final. Rivera appealed to the Florida Supreme Court, and review was denied on November 30, 2011. Rivera v. State, 76 So. 3d 398 (Fla. 2011) (table).

Rivera filed three postconviction motions. On March 16, 2012, he filed a motion claiming that his appellate counsel was ineffective for failing to argue that a Florida law was unconstitutional and that the jury instructions were improper. (App'x Ex. 10.) The motion was denied without written opinion. (Id. Ex. 11.) On December 20, 2012, Rivera filed his first Rule 3.850 motion, alleging that his trial counsel was ineffective for failing to: argue subject-matter jurisdiction, file a pretrial motion to dismiss all charges against Rivera, strike a potentially biased juror, and convey a plea offer. (Id. Ex. 12.) The motion was denied as untimely, and Rivera did not appeal. (Id. Ex. 13.) In Rivera's second Rule 3.850 motion, filed on November 8, 2013, he re-raised the claims regarding juror bias and the plea offer, asserted a new ineffective-assistance claim, and claimed that the court erred in finding his first motion untimely. (Id. Ex. 15.) Although the second Rule 3.850 motion was also initially denied as untimely (id. Ex. 16), the trial court subsequently deemed it timely and held an evidentiary hearing on the claim that Rivera's trial counsel was ineffective for not conveying a plea offer. (Id. Ex. 17.) Because the evidence at the hearing demonstrated that there was no such offer, the trial court denied relief. (Id. Ex. 18.) On June 24, 2015, the Second District Court of Appeal affirmed. Rivera v. State, 179 So. 3d 329 (Fla. Dist. Ct. App. 2015).

Rivera presented the instant Petition under 28 U.S.C. § 2254 to prison officials on June 22, 2017. The Petition (Docket No. 1) raises three grounds for relief, contending that his trial counsel was ineffective in three distinct ways.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

A.  **Statute of Limitations**

AEDPA requires both that a habeas petition be timely filed and that the petitioner have exhausted his remedies with respect to the relief he seeks. As relevant here, AEDPA provides that a petition must be filed within one year of the date the underlying conviction became final. 28 U.S.C. § 2244(d)(1)(A). The State argues that the Petition is untimely and that Rivera has not established that equitable tolling should apply to deem the Petition timely. The State contends that Rivera's timely Petition was due on or before July 8, 2013. (Resp't's Limited Resp. (Docket No. 10) at 5.)

Rivera argues that the reason for his delay in filing was that he did not have access to his legal documents from early 2012 to July 16, 2013. [1] Even if the Court were to toll that period of time as well as the time during which Rivera's state postconviction proceedings were ongoing, his Petition would still be untimely. Equitable tolling is not appropriate here, because there is no indication that Rivera was "pursuing his rights diligently" but "some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010). Rivera's only argument would toll the statute of limitations from an unknown date in early 2012 until July 16, 2013. But, again, even if the Court subtracted roughly a year and a half from Rivera's total of untolled days, as well as the time during Rivera's state-postconviction proceedings, the Petition is still untimely by nearly two years.

---

[1] The Court assumes, and Rivera does not state otherwise, that Rivera had his documents through at least March 16, 2012, when he filed his first postconviction motion. The Court also notes that Rivera filed his first Rule 3.850 Motion on March 6, 2013, during the time in which he alleges that he did not have access to the documents.

4

Because equitable tolling is an "extraordinary remedy," the Court cannot apply it absent some evidence or argument that "rare and exceptional circumstances" make equitable tolling appropriate. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). It is Rivera's burden to establish these circumstances, and he has failed to do so. The Petition is therefore untimely and must be dismissed.

The Court notes, however, that even if the Petition were timely, Rivera's claims of ineffective assistance of counsel fail on the merits. Rivera raises three grounds for ineffective assistance regarding juror bias, the prosecution's opening argument, and jury instructions. He cannot establish either that his trial counsel was ineffective or that it was unreasonable for the courts reviewing his claims to conclude otherwise. The state courts did not find that his claims warranted a hearing. This determination was not unreasonable, and Rivera's claims therefore fail on the merits.

**B.      Evidentiary Hearing**

AEDPA provides that a habeas petitioner is entitled to a hearing only if he can show that his claim "relies on a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty . . . ." Id. § 2254(e)(2).

Because the facts here establish that Rivera's Petition is untimely, and that his counsel did not provide ineffective assistance in any event, an evidentiary hearing is not warranted.

5

## C. Certificate of Appealability

Rivera is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Rivera has not demonstrated that his claims "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Rivera's claims.

**CONCLUSION**

Rivera's Petition is untimely and must be dismissed on that basis. Accordingly, **IT IS HEREBY ORDERED that**:

1. Riveras's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED** as time-barred;

2. A Certificate of Appealability will **NOT** issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated: April 14, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge